# ROSEBURG LUMBER CO., CARLYN PANEL CO., RIDDLE VENEER CO., DOUGLAS FIR PLYWOOD CO. *v.* COMMISSION

Donald A. Dole, Roseburg, represented plaintiffs.

G. F. Bartz, Assistant Attorney General, Salem, represented defendant.

Decision rendered April 19, 1968 for plaintiff.

EDWARD H. HOWELL, Judge.

The above cases, consolidated for the purposes of this decision, involve the right of the Douglas County Assessor to add certain personal property to the 1965-66 tax rolls as omitted property.

The plaintiffs are corporations owning personal property in Douglas County. Every person or corporation owning, possessing or controlling personal property is required by ORS 308.290 to make a return containing a full listing of the personal property and a statement of its true cash value to the local assessor. Plaintiffs elected to make such return using the average inventory method allowed by ORS 308.292.

The tax commission audited the accounting records of the plaintiffs and found that plaintiffs had reported on their personal property return a lesser volume of logs and a lesser value on their inventory of veneer, plywood and lumber than their accounting records indicated. The tax commission directed the assessor to add the difference in volume and values to the personal property tax roll as omitted property. Plaintiff then appealed to the Tax Court.

The plaintiffs valued their inventory at cost. The reported values and volumes of inventory were approximately ten percent less than the plaintiffs' book values. The plaintiffs contended before the commission that the book values did not constitute true cash

value because of depreciation and damage to some of the inventory during storage.

The parties have stipulated that the issue is whether the plaintiffs are bound by the values and volumes assigned to the inventory on their own records (book value) or whether under the average inventory method they may report a lesser volume and values for their inventory on their personal property return. The parties have also stipulated that if the plantiffs prevail the commission will accept the values and volumes reported on plaintiffs' personal property returns and if the defendant prevails then plaintiffs' book values and volume of inventory will be accepted.

ORS 308.292 allowing the average inventory method for personal property return states, in part: "Any taxpayer electing to use the average method *shall keep books of account which clearly show the stock on hand and the true cash value thereof* as of the last day of each accounting period, all in accordance with rules and regulations of the State Tax Commission * * *." (Emphasis supplied.)

The commission has adopted Reg. 308.292 which states that a taxpayer using the average inventory method shall follow all applicable definitions found in Reg. 308.205(B). The latter regulation states, in part: "The book value of inventory shall in all cases be reported to the assessor whether or not a different market value is claimed by the taxpayer on the property tax return."

█ Book value is not as a matter of law the equivalent of true cash value. *West House, Inc. v. State Tax Com.*, 228 Or 167, 364 P2d 598 (1961); *M & M Woodworking Co. v. Tax Com.*, 217 Or 161, 314 P2d 272, 317 P2d 920, 339 P2d 781 (1959); *Case v. Chambers et al*, 210 Or 680, 314 P2d 256 (1957).

In *West House, Inc., supra,* the taxpayer, like the plaintiffs herein, reported a lesser value than book value for its inventory on its personal property tax return. The assessor entered the reported value .on the personal property assessment roll. Upon audit the assessor added the difference in value of the inventory to the roll as omitted property. The taxpayer contended that it was entitled to have its inventory valued at less than book value because of depreciation which did not appear in the value used in the taxpayer's books. The commission argued that book value was the equivalent of true cash value. The Supreme Court, by Justice O'CONNELL, found that book value is not the conclusive test of true cash value; that the initial assessment made by the assessor when he entered the reported value on the rolls was presumed to be correct and that the commission had the burden of proving that such value did not represent true cash value. The court stated:

> "* * * If the assessor has placed upon the tax rolls a valuation, whether arrived at through an independent appraisal of the taxpayer's property or simply taken from the taxpayer's return, that valuation should stand unless the commission can show that it does not represent the true cash value of the property." 228 Or at 178.

The court held that the rule of presumptive validity of the original assessment would not prevent the assessor or the tax commission "from adopting procedures in the original assessment which will carry out the commission's policy of equating book value with true cash value." In holding that the assessor could reject the reported value unless the book value had been properly adjusted, the court also said:

> "* * * We are of the opinion that it is neither

unfair nor beyond the power of the commission to adopt and enforce a regulation such as Article 8205.2 in the original assessment stage. The taxpayer has the opportunity under the regulation to adjust his book value to reflect obsolescence. We do not think that it is unreasonable to require the taxpayer to comply with section B(4) of Article 8205.2 of the commission's regulations in making his return. But if the assessor or the commission wishes to require this method of reporting they must do so when the return is made, not after the assessment is made and placed upon the tax roll." 228 Or at 178.

The tax commission seeks to distinguish *West House* from the case at bar on the grounds that (1) it did not involve a taxpayer reporting on the average inventory method under ORS 308.292 which specifically requires the taxpayer using such method to keep books of account showing the true cash value of his inventory, and (2) that *West House* did not involve that part of Reg. 308.205, *supra,* which required the taxpayers to report book values on their personal property tax returns whether or not a different market value is claimed on the personal property tax return.

■ Regarding the applicability of the defendant's regulation, it is questionable whether such regulation applies in the instant case. The commission Reg. 308.292 pertaining to the average inventory method of reporting states that a taxpayer so reporting "shall follow all applicable *definitions* found in Reg. 308.205 (B)." The latter regulation contains certain definitions, but that part of the regulation requiring the taxpayer to report book value on his return whether or not he reports a different market value is not part of the definitions. If the commission had intended to

adopt all of Reg. 308.205(B) it would not have restricted the reference to "definitions found in Reg. 308.205(B)."

■ Whether the regulation applies is not important, however, because ORS 308.292 specifically provides that a taxpayer using the average inventory method shall keep books of account showing the true cash value of his inventory.[1]

It is conceded that plaintiffs' book values did not reflect the true cash value of their inventories. Consequently the plaintiffs failed to comply with ORS 308.292.

The primary question is what is the effect of the plaintiffs' noncompliance with the statute. The tax commission contends that the plaintiffs are bound by the book values and volumes used in their records. The commission argues that a contrary finding would allow a taxpayer to report any value on his return because the assessors do not have sufficient personnel to audit the records of every taxpayer who files a personal property tax return. Such result would also allow a taxpayer to report a substantially lesser value than his book value on his personal property return, and if not audited by the assessor's office, he would not pay his proper share of the personal property taxes. While he is given the right in the first instance to adjust his book values to reflect depreciation and damage to his inventory to arrive at true cash value, his failure to do so allows him to ignore the statute.

■ On the other hand, if book value using the aver-

---

[1] Even if the regulation did apply it would seem that the commission recognized that a taxpayer might report a market value different than his book value because it requires the taxpayer to report book value whether or not a different market value is "claimed" on the return.

age inventory method is accepted automatically as true cash value and the plaintiffs are precluded from showing a different value, it would amount to a stringent penalty for failure to comply with the statute. It would result in a finding that book value is *ipso facto* true cash value. The statute itself does not so provide. It says that taxpayers using the average inventory method *"shall keep books of account* which clearly show the stock on hand and the true cash value thereof * * *."* To interpret the statute to mean that book value equates true cash value would be contrary to the rationale of the decisions in the *West House* and *M & M Woodworking* cases, *supra,* which hold that book value is not as a matter of law true cash value.

The stipulation of the parties states the question as whether the plaintiffs are "bound" by the values and volumes on inventory as shown on their books of account.[2] This is interpreted to pose the question of whether plaintiffs are required to follow

_____

[2] The entire stipulation on this point states:

"That the Tax Commission contends that the plaintiffs have elected to use the averaging method of reporting personal property. Having so elected, the plaintiffs are bound by the values and volumes assigned to the respective items within their own records. That the plaintiffs cannot now contend that the book values and volumes assigned may be reduced. The plaintiffs contend that they are not bound by the volumes and values placed on their books for the respective items mentioned and that they may show lesser volumes and values than their book volumes and values for the assessment of their personal property taxes.

"It is also stipulated that the defendant concedes that if the plaintiffs' contentions are correct the values and volumes on the plaintiffs' personal property tax returns as reported by the plaintiffs will be accepted by the defendant. The plaintiffs concede that if the defendant's position is correct, then plaintiffs are bound to have the personal property mentioned valued on the basis of the book value which appeared on the tax roll for the tax year 1965-66 on July 1 of 1967."

ORS 308.292 and have their records show the true cash value of their inventory. Obviously plaintiffs, like others, are required to comply with the directives contained in a legislative enactment. The stipulation should not be construed to mean that book value equates true cash value without question. In this instance the assessor was entitled to presume that the taxpayers followed the directive contained in the statute and kept their books to reflect true cash value. He was also entitled to assume that the plaintiffs' reported values were the same as their book values. This case is different than *West House* in that a specific statute is involved. If a presumption is given in this case to the initial assessment based on the reported values as was given in *West House,* then the plaintiffs in effect are rewarded for failing to follow the statute. Plaintiffs should not be entitled to such a presumption of validity for the values reported on their return. It should be presumed under the circumstances here that plaintiffs have obeyed the statute and that their book values and not the reported values represent the true cash value of their inventories. Plaintiffs should have the burden of proving to the contrary, but they are not "bound" by the values used on their books as representing true cash value. Because of the stipulation in this case that if plaintiffs are not "bound" by the values and volumes used on the books as representing true cash value, the commission will accept the reported values, the plaintiffs are entitled to prevail.